**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Michael Harmon, # 96127-071, | |
| Plaintiff, | C/A No. 6:06-1143-GRA-WMC |
| v. | **ORDER** |
| | (Written Opinion) |
| John J. LaManna, Warden of FCI-Edgefield; Clinical Director, J. Serrano, M.D.; Staff Physician, R. Blacker, M.D.; Health Services Administrator, Mrs. Rosario; and Physician Assistant, L. Guevara, | |
| Defendants. | |

This matter is before the Court for a review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b) and filed January 24, 2007. Plaintiff claims that defendants intentionally disregarded his medical treatment while at FCI-Edgefield in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He seeks relief pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). Defendants filed a motion for summary judgment on July 24, 2006. Plaintiff responded to the motion for summary judgment on September 11, 2006. The magistrate judge recommends granting defendants' motion for summary judgment.

## I. Background

The undisputed facts in this record are that plaintiff was initially injured on July 31, 2004 when he was poked in the eye while playing basketball. He was immediately seen by medical staff and diagnosed with a corneal abrasion. A few days later, a consultant ophthalmologist diagnosed plaintiff with traumatic glaucoma with secondary iritis of the right eye. The ophthalmologist prescribed several medications for plaintiff, including Pred Forte eye drops to help reduce the inflammation and intraocular pressure (IOP). On September 13, 2004, plaintiff was examined by Dr. Serrano, a member of the FCI Edgefield medical staff. Dr. Serrano noted that plaintiff's IOP was elevated despite having used his eye drops. Dr. Serrano directed plaintiff to discontinue the Pred Forte drops and Diclofenec but to continue using other prescribed medications. The next day, plaintiff complained of headache, dizziness, and numbness in his face. His IOP was elevated. He was given Ibuprofen for pain relief. On September 22, the optometrist examined plaintiff, noted that his IOP was still elevated, and recommended that he continue his current medications. On September 24, the ophthalmologist examined plaintiff and recommended restarting Pred Forte drops along with three other medications, and increasing the dosage of Diamox. On October 5, the ophthalmologist reported increased IOP and recommended a trabeculectomy be performed to relieve pressure and preserve plaintiff's vision. The surgery was performed and plaintiff has received ongoing follow-up treatment. Plaintiff still complains of irreversible eye distortion,

lazy eye, and nearsightedness.

## II. Standard of Review

Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report

and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Petitioner filed objections to the magistrate judge's Report and Recommendation on February 26, 2007.

### III. Discussion

Plaintiff first objects that defendants are not entitled to sovereign immunity. The complaint names the defendants in their official and individual capacities. As to the claims brought against the defendants in their official capacities, this Court lacks jurisdiction because these are claims against the United States and it has not waived sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). The defendant is partially correct in that sovereign immunity does not bar suit against the defendants in their individual capacities, and the magistrate so held.

Plaintiff objects that defendants have not produced any proof or set of facts showing that they are entitled to the defense of qualified immunity. On the contrary, each of the defendants produced a sworn statement, plaintiff's medical records, and the administrative response to plaintiff's grievance. Most importantly, Dr. Serrano states that he did not discontinue *all* of the eye drops as plaintiff claims,

and that plaintiff still had Pred Forte drops in an amount that did not need to be refilled for two more months. Thus, if plaintiff sincerely believed that the Pred Forte drops would alleviate his condition, he could have taken these during the eleven-day period of which he complains. The magistrate concluded that the plaintiff's constitutional rights had not been violated because there was no evidence to support a finding of deliberate indifference to the plaintiff's medical needs. As the magistrate correctly pointed out, negligence alone is not enough to satisfy the deliberate indifference standard. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Once a *prima facie* case for summary judgment has been established, the nonmoving party cannot simply rest on its pleadings, but must bring forward any evidence that demonstrates the existence of a material question of fact. *Carteret Savings Bank v. Compton, Luther & Sons*, 899 F.2d 340, 344 (4th Cir. 1990).

The Court need not address plaintiff's objections as to the second inquiry under the qualified immunity test because the Court agrees with the magistrate that plaintiff has failed to show his constitutional rights were violated.

Plaintiff further argues that defendants have failed to comply with Rule 56(e) because their affidavits are not based on their own personal knowledge. It is ironic that plaintiff claims these defendants violated his constitutional rights and yet they lack personal knowledge of the events surrounding this case. The warden of the prison and the plaintiff's treating physicians – all named defendants in this case – are competent to testify regarding the plaintiff's medical condition, the treatment

he received, and administrative remedies he pursued.

Plaintiff objects that the magistrate should not have considered as evidence the medical records submitted by defendants with the motion for summary judgment. Plaintiff claims these records are inadmissible hearsay and that the "produced during the regular course of business" exception does not apply. Plaintiff does not specify which records he is referring to, and the Court notes that there are 149 pages of medical records. The Court has reviewed a representative sample of the medical records and finds that they are admissible to the extent they contain statements for purposes of medical diagnosis or treatment. *See* Federal Rule of Evidence 803(4). Therefore, the magistrate did not err in considering the medical records as evidence.

Plaintiff claims there is an issue of material fact regarding whether plaintiff complained of pain to defendants Guevara and Rosario during the eleven-day period when he was taken off the Pred Forte drops. Even if plaintiff is correct and defendants denied his request to be put back on the Pred Forte drops, he does not dispute that he still had the Pred Forte drops and that Dr. Serrano instructed him to continue taking other drops with similar properties. Assuming for the purposes of summary judgment that plaintiff did complain to Guevara and Rosario, defendants are entitled to judgment as a matter of law because their actions did not rise to the level of a constitutional deprivation.

Plaintiff objects that there is another disputed issue as to whether the

discontinuation of the Pred Forte drops was the cause of his need for trabeculectomy eye surgery. Again, he relies solely on his allegation that this was the cause, and provides no medical evidence to support his theory. In response, defendants have produced medical records that show plaintiff had been taking anti-inflammatory ophthalmic eye drops and anti-inflammatory topical steroids for 61 days preceding September 13, 2004 and that his IOP remained elevated despite the use of these medications. Based on this, defendant physicians conclude that the need for surgery was not caused by the lack of Pred Forte eye drops. Defendant has not produced any evidence in rebuttal, and so there is no issue of material fact as to the cause of his need for surgery.

## IV. Conclusion

Petitioner states no further objections with the specificity required for consideration by this Court, and after a review of the magistrate judge's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is GRANTED. Plaintiff's request to withhold ruling on the motion for summary judgment as it relates to the Federal Tort Claims Act is DENIED.

IT IS SO ORDERED.

                                                        */s/ G. Ross Anderson, Jr.*
                                                    G. ROSS ANDERSON, JR.
                                                    UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
March 13, 2007

## **NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.